IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. ANDERTON <br> GLORIA ANDERTON <br>     Plaintiffs, <br>     v. <br> UNITED STATES, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06-cv-129 (RBW) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 1994, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection."

QUESTIONS PRESENTED

Plaintiff Robert M. Anderton, attempted to serve the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claims for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. Introduction & background. Plaintiffs, Robert M. & Gloria Anderton, filed this complaint on January 23, 2006. The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1994," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code. (Compl. ¶¶ 1, 7.)1/ Robert M. Anderton himself served the Attorney General. (See attached copy of envelope.)2/

2. Relief sought in the complaint. The complaint seeks damages on account of reprehensible, egregious, and vexatious behavior of the defendant." (Compl. ¶ 32.)3/

---

1/  Plaintiffs' case is one of over 70 known cases filed in this Court with identical or nearly identical complaints/amended complaints.

2/  Since plaintiffs have not filed returns of service, the United States cannot ascertain how service to the United States Attorney for the District of Columbia was made; but because Robert M. Anderton himself attempted service on the Attorney General, it is likely that he attempted service on the United States Attorney for the District of Columbia as well.

3/  Plaintiffs also may be seeking declaratory relief. (See Compl. ¶ 31 where plaintiffs seek a determination that the Internal Revenue Service, "its principals, officers, agents, 'rogue agents' and/or employees" intentionally or negligently disregarded provisions of the Internal Revenue Code.) If so, declaratory relief is barred by the Declaratory Judgment Act. See 28 U.S.C. § 2201.

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. Davis v. Garcia, 222 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999); Willis v. Tarasen, 2005 WL 1705839, *2 (D. Minn. 2005); Hanberg v. FBI, 2003 WL 21730604, *1 (E.D. La. 2003); Perkel v. United States, 2001 WL 58964, *1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

3

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Robert M. Anderton put his name and address on the envelope addressed to the Attorney General, indicating that he, himself, served the summons on the Attorney General. Robert M. Anderton is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiffs have failed to properly serve the United States, and their complaint must be dismissed.4/

---

4/ As stated earlier, the United States cannot ascertain who served the United States Attorney for the District of Columbia.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

*This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Damages Claim*

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 7.) This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the*

*administrative remedies available to such plaintiff within the Internal Revenue Service."* 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F.Supp.2d at 128; Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Instead, they allege that they "may forego exhausting administrative remedies that are either futile or inadequate." (Compl. ¶¶ 6, 30.) Therefore, plaintiffs have not met their burden to allege

that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

## CONCLUSION

Because plaintiffs have failed to properly serve the United States and because the Court lacks jurisdiction over their complaint, the complaint should be dismissed.

DATE: April 13, 2006.

> Respectfully submitted,
>
> /s/ Pat S. Genis
> PAT S. GENIS, #446244
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, DC 20044
> Telephone: (202) 307-6390
> email: pat.genis@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on April 17, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Robert M. Anderton
>Gloria Anderton
>Plaintiffs *pro se*
>2211 Balleyduff
>Lewisville, TX 75007

>/s/ Pat S. Genis
>PAT S. GENIS, #446244