IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT M. ANDERTON ) | |
| GLORIA ANDERTON ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v.  ) | No: 1:06-cv-129 (RBW) |
|  ) | |
| UNITED STATES, ) | |
|  ) | |
| Defendant. ) | |

### UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS

The United States submits this reply to address two points raised by plaintiffs in their opposition to the motion to dismiss and their supplement thereto.1/ The United States otherwise relies on its motion to dismiss.

STATEMENT

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged wrongful collection, a tax refund, and injunctive relief respecting further

---

1/ In their supplement, plaintiffs assert that they properly served the United States, an argument we discuss below. They also argue, citing *Turner v. United States*, 2006 WL1071852, that their failure to exhaust administrative remedies is not jurisdictional. (The court did, in fact, dismiss *Turner*, but on the grounds that plaintiff had failed to state a claim upon which relief can be granted.) *Turner*, however, is not binding on this Court; and the case upon which it relies, *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), is not a case where the sovereign, i.e., the United States, is a party. The United States has asserted in this case, and in the approximately 70 other similar cases filed in this Court, that a plaintiff's failure to exhaust administrative remedies deprives the district court of subject-matter jurisdiction.

1719979.1

federal tax collection against them.2/  The United States moved to dismiss asserting that the Court lacks subject matter jurisdiction as plaintiffs failed to establish that they exhausted their administrative remedies as required by 26 U.S.C. §§ 7422 and 7433.

In their opposition, plaintiffs present two main arguments in opposition to the United States' motion to dismiss: (1) parties may effect service under Fed. R. Civ. P. 4(i)(1)(A), and (2) the Andertons need not exhaust their administrative remedies because the Internal Revenue Service has articulated a very clear position which it is unwilling to reconsider and the regulation is invalid.3/

PARTIES MAY NOT THEMSELVES SERVE INITIAL PROCESS

Plaintiffs, in an unavailing effort to rehabilitate their failure to properly serve the complaint, assert that parties may serve initial process pursuant to Fed. R. Civ. P. 4(i)(1)(A).  (Pl. Opp. at 1-2.)  Parties may not, however, serve initial process under Fed. R. Civ. P. 4(c)(2).  This is true even when service is effected by certified or registered mail as described in Fed. R. Civ. P. 4(i).  *See e.g., Davis v. Garcia*, 226 F.R.D. 386, 388 (C.D. Cal. 2004); *Taylor v. Internal Revenue Service*, 192 F.R.D. 223, 224 (S.D. Tex. 1999); *Willis v.*

---

2/  In their opposition, plaintiffs appear to abandon their request for a refund. (Pl. Opp. at 5 ("As to counsel's other occult bases for dismissal, including counsel's attempt to dismiss a refund suit neither intended, nor filed, all are addressed below.").)

3/  Also, plaintiffs may now be asserting jurisdiction under the Administrative Procedures Act ("APA"). (Pl. Opp. at 20.) The APA does not provide jurisdiction. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes.  *See Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).

*Tarasen*, 2005 WL 1705839, *2 (D. Minn. 2005); *Hanberg v. FBI*, 2003 WL 21730604, *1 (E.D. La. 2003); *Perkel v. United States*, 2001 WL 58964, * 1(N.D. Cal. 2001).  Thus, plaintiffs' complaint should be dismissed for failure to effect proper service.

### PLAINTIFFS' ARE REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

Plaintiffs filed their claim for damages under 26 U.S.C. § 7433 without exhausting their administrative remedies as required by the regulations promulgated with respect to section 7433.  See 26 C.F.R. § 301.7433-1.  They now assert, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986),  that they fall within an "exception" to the requirement to exhaust administrative remedies.  (Pl. Opp. at 3.) They assert that the Internal Revenue Service has "articulated a clear position it is unwilling to reconsider." (*Ibid.*)  Plaintiffs fail to assert that they attempted to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages.

Plaintiffs also contend that the regulation is invalid.  (Pl. Opp. at 12.)  Plaintiffs allege that 26 C.F.R. § 301.7433-1 is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a 7433 damages claim into a "refund action."  (Pl. Opp. at 16.)  Plaintiffs' claim of regulatory invalidity fails.

The regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional

mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly).  To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

     The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I).  After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies.  *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994).  In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment.  Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court.  *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

     The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages

sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative

claim before filing an action in district court, the Internal Revenue Service is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.4/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress' mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

## CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATE: May 23, 2006.    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #664266
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

4/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on May 23, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>ROBERT M. ANDERTON
>GLORIA ANDERTON
>Plaintiffs *pro se*
>2211 Balleyduff
>Lewisville, TX 75007

>/s/ Pat S. Genis
>PAT S. GENIS #446244