UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT ANDERTON and ) <br> GLORIA ANDERTON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Civil Action No. 06-129 (RBW) |

## ORDER

The plaintiffs, Robert and Gloria Anderton, bring this action alleging that the United States Internal Revenue Service ("IRS") "recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder." Complaint ("Compl.") ¶ 1. Currently before the Court is the government's motion to dismiss this case on the grounds, inter alia, that the plaintiffs failed to exhaust their administrative remedies before bringing this lawsuit and because the Court lacks subject-matter jurisdiction over the plaintiffs' claims. Memorandum in Support of United States' Motion to Dismiss ("Def.'s Mem.") at 5-7.

Although the parties are different, the plaintiffs' complaint in this case is identical to that which the Court dismissed in Lindsey v. United States, Civ. No. 05-1761.[1] ___ F. Supp. 2d.

---

[1] This case and Lindsey are two of a large number of identical taxpayer lawsuits recently filed by putatively pro se litigants in the United States District Court for the District of Columbia. See Lindsey, ___ F. Supp. 2d. at ____, 2006 WL 2413720, *1 n3 (citing cases); Gross v. United States, Civ. No. 05-1818 (JR), 2006 WL 2787838, *1 (D.D.C. Sept. 26, 2006) (observing that "dozens of apparently coordinated (or, if not coordinated, perhaps blog-inspired) pro se complaints [have been] recently filed in this [C]ourt") (citations omitted).

____, ____, 2006 WL 2413720, *21 (D.D.C. Aug. 22, 2006) (Walton, J.).  As in Lindsey, "[t]he complaint here . . . provides no particularized facts pertaining specifically to the plaintiffs in this case," consisting instead "predominantly of argument and restatement of putatively pertinent legal standards."  Id. at *1; see Compl. ¶¶ 6, 8-27.  And "even the few passages in the complaint which purport to describe facts that support the plaintiffs' positions merely offer boilerplate recitations of the factual showings required to satisfy the various statutory provisions relied upon by the plaintiffs."  Lindsey, ___ F. Supp. 2d. at ____, 2006 WL 2413720 at *1; Compl. ¶¶ 7, 28-30.  Furthermore, the plaintiffs' responsive filings to the government's motion to dismiss, and thus the Court's analysis of the relevant legal issues before it, are likewise identical to those of Lindsey.  Compare Response to Motion to Dismiss, Anderton, Civ. No. 06-129, Dkt. No. 4 (May 5, 2006) ("Pls.' Opp."), with Response to Motion to Dismiss, Lindsey, Civ. No. 05-1761, Dkt. No. 13 (April 18, 2006).  It is clear to the Court, as it was in Lindsey, that (1) the plaintiffs' request for declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201 (2000); see Lindsey, ___ F. Supp. 2d. at ____, 2006 WL 2413720 at *16; (2) the plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 (2000); see Lindsey, ___ F. Supp. 2d at ____, 2006 WL 2413720 at *16-*18; and (3) the plaintiffs failed to exhaust their administrative remedies with respect to their claims for a tax refund, 26 U.S.C. § 7422 (2000), and for damages, 26 U.S.C. § 7433 (2000); see Lindsey, ___ F. Supp. 2d at ____, 2006 WL 2413720 at *18-*19.  In addition, it appears that the plaintiffs, like those in Lindsey, conceivably intended to amend their complaint by way of their response to the government's motion to dismiss in order to include a facial challenge to 26 C.F.R. § 301.7433-1 (2006).  Pls.' Opp. at 17; see Lindsey, ___ F. Supp. 2d at ____, 2006 WL 2413720 at *19-*20.  The Court will therefore grant the plaintiffs limited leave to amend their complaint solely to include this new

claim if they choose to do so.  See Lindsey, F. Supp. 2d at ____, 2006 WL 2413720 at *20-*21.  Accordingly, for the reasons stated in Lindsey, ___ F. Supp. 2d. at _____, 2006 WL 2413720 at *16-*21, it is hereby

**ORDERED** that the government's motion to dismiss is GRANTED.  The plaintiffs' claims for declaratory relief, injunctive relief, a tax refund, and damages are therefore dismissed with prejudice.  It is further

**ORDERED** that the plaintiffs may amend their complaint to include a facial challenge to 26 C.F.R. § 301.7433-1.  The plaintiffs may not seek to amend their complaint in any other respect.  It is further

**ORDERED** that if the plaintiffs desire to file an amended complaint, it shall be filed by November 3, 2006.  If the plaintiffs do not file an amended complaint by this date, this case shall be dismissed.  If the plaintiffs do file an amended complaint, the government shall answer or otherwise respond by December 1, 2006.

**SO ORDERED** this 6th day of October, 2006.

REGGIE B. WALTON  
United States District Judge