RECEIVED

NOV 0 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

No: 1:06cv00129 *RbW*

Robert M Anderton
Gloria Anderton

          Plaintiffs,

    v.

United States (Government)

          Defendant.

**MOTION TO VACATE
DISMISSAL AND ENTER
DEFAULT AGAINST
DEFENDANT**

Plaintiffs requests that the Court vacate its dismissal of the instant matter pursuant to Rule 60(b).

The Government claims that dismissal of the plaintiffs' damages claim is proper under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim under which relief can be granted. The United States seemingly recognizes the split of authority in this District regarding whether the exhaustion of administrative remedies is a jurisdictional prerequisite to bring suit or not. *See Lindsey v. United States,* No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb. 22,2006)(citing cases on both sides of the issue). Rule 12(b)(6) is the proper basis upon which to address plaintiffs' damages claim, since failure to exhaust administrative remedies is not a jurisdictional prerequisite to bring suit but only an element of a claim. *See Arbaugh v. Y & H Corp.,* 126 S. Ct. 1235, 1245 (Feb. 22, 2006); *see also Turner v. United States,*429 F. Supp. 2d 149, 154

(D.D.C.2006);*See Lindsey v. United States,* No. 05-1765, 2006 U.S. Dist. LEXIS

58657, at *41-43 (D.D.C.) (Feb. 22,2006) ("This affirmative defense is thus properly

brought through a timely motion to dismiss for failure to state a claim upon which

relief can be granted.")

The Supreme Court noted in *Arbaugh* that the principles behind Rule 12(b)(1)

and Rule 12(b)6) are very different and the consequences are similarly different. 126

Ct. 1244-45. A question of subject-matter jurisdiction "involves the court's power to

hear a case" and "can never be forfeited or waived." *Id* at 1244 (citation omitted).

Thus it can be raised at any time by any party or by the court *sua sponte*. Whether

a plaintiff has stated a claim upon which relief can be granted involves the legal

basis of the claim or the relief sought, not the power of the court to hear it. A motion

under Rule 12(b)(6) can be waived by failing to make it soon enough. *Id* at 1240.

"The word 'exhaustion' describes two distinct legal concepts"." *Avocados Plus*

*v. Veneman,* 370 F.3rd 1243, 1247 (D.C. Cir 2004). "Non-jurisdictional exhaustion"

is a "judicially created doctrine requiring parties who seek to challenge agency action

to exhaust available administrative remedies before bringing their case to court." *Id*.

"Jurisdictional exhaustion," however, occurs when Congress uses its power to

control the jurisdiction of the federal courts through administrative requirements. *Id*.

The presumption that an exhaustion requirement is non-jurisdictional can only be

overcome by statutory language in which Congress "states in clear, unequivocal

terms that the judiciary is barred from hearing an action until the administrative

agency has come to a decision." *Id* at 1248 (quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.* 747 F. 2. D 1204, 1208 (D.C. Cir 1984) (Internal quotation marks omitted). This language must be "sweeping and direct." *Id.* At 1248 (quotine *Weinberger v. Salfi*, 442 U.S. 749, 757 (1975)) )internal quotations marks omitted)

   *Arbaugh* reminded the lower courts of these distinctions and cautioned against "driveby jurisdictional rulings" that fail to recognize the differences. *Arbaugh*, 126 S. Ct. At 1242. To asist the courts, the Supreme Court enunciated a rule to be applied.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then the courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id* at 1245 (citation omitted). Congress has plainly demonstrated its ability to write clear jurisdictional language into other sections of the Code and has chosen not to do so in §7433. For example, in 26 U.S.C. 7421(a), which states "except as provided [in various sections of the Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed," was previously found by this Circuit to "by its terms den[y] jurisdiction 'to any court' in actions to enjoin the assessment or collection of taxes." *Americans United Inc. v Walters,* 477 F 2d 1169, 1175 (D.D.C.Cir. 1973 (emphasis added); *see also Gardner v. United*

*States,* 211 F. 3d 1305, 1311 ("The District Court must dismiss for lack of *subject matter jurisdiction* any suit that does not fall within one of the exceptions to [§7421(a)]. " (emphasis added)). In addition, 26 U.S.C. §7422(a) contains jurisdictional language, stating that "no suit or preceding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected ... until a claim for refund or credit has been duly filed ... according to the provisions of law in that regard."

Therefore, this Court should adhere to the cautionary instructions in *Arbaugh* and *Murita Martin v. United States,* (D.D.C. 1:05-cv-02506) that the exhaustion of administrative remedies under TBOR is non-jurisdictional. The statute is crystal clear that pre-suit exhaustion is a requirement to the maintenance of the suit for damages, but it does not address a district court's jurisdiction. Congress must "clearly state" that "a threshold limitation on a statute's scope shall count as jurisdictional," *Arbaugh,* 126 S. Ct. At 1245, and because jurisdiction is such a fundamental concept, its absence cannot be assumed without a definite expression of congressional intent. Thus, TBOR is not sufficiently definite under Arbaugh. Therefore a motion to dismiss for lack of subject matter jurisdiction is not available to the court and/or the defendant.

### 12(b)(6)

In the instant matter the court ordered the defendant to answer Plaintiffs' complaint by a date set certain. The record in this matter is clear that defendant failed to obey a lawful order of this Court and answer Plaintiffs' complaint by the date set certain. As stated previously, a motion under Rule 12(b)(6) can be waived by failing to make it soon enough.

*Id* at 1240. In the instant matter defendants' motion was filed after the date set certain by the Court. Therefore defendants' motion to vacate under 12(b)(1) is ineffective and cannot be granted for the reasons aforesaid. Defendants' motion to dismiss pursuant to 12(b)(6) is untimely and cannot be granted.

Thus, failure to exhaust administrative remedies is not a grounds upon which the court may dismiss the instant matter. 12(b)(6) similarly is not available to the defendant because the motion is not timely. The Court committed reversible error by dismissing upon the aforementioned grounds.

Therefore, the Court has no choice but to vacate its order forthwith granting dismissal of this matter, enter its default against the defendant and allow Plaintiffs to proceed with a motion to determine damages.

Respectfully,

Dated ___O c T   3 1___ , 2006

by: _____



Robert M Anderton
2211 Balleyduff
Lewisville, TX 75007

by _____
Gloria Anderton
2211 Balleyduff
Lewisville, TX 75007

On the above inscribed date before the undersigned, a Notary Public for the State of Texas, personally appeared, Robert M Anderton, Gloria Anderton known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Texas

SHERYL A. DINSCH
Notary Public, State of Texas
My Commission Expires
May 03, 2010

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat Genis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _OcT 3 1_____, 2006

by _____

Robert M Anderton

MOTION TO VACATE DISMISSAL