UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ROBERT ANDERTON and                     )
GLORIA ANDERTON,                        )
                                        )
         Plaintiffs,                    )
                                        )
                                        )
    v.                                  )   Civil Action No. 06-129 (RBW)
                                        )
                                        )
UNITED STATES,                          )
                                        )
         Defendant.                     )
_____)

## ORDER

On October 6, 2006, the Court concluded, for the reasons articulated in Lindsey v. United States,[1] Civ. No. 05-1761, ___ F. Supp. 2d. ____, ____, 2006 WL 2413720, at *21 (D.D.C. Aug. 22, 2006) (Walton, J.), that (1) the pro se plaintiffs' request for declaratory relief in this case is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201 (2000); see Lindsey, ___ F. Supp. 2d. at ____, 2006 WL 2413720, at *16; (2) the plaintiffs' request for injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 (2000); see Lindsey, ___ F. Supp. 2d at ____, 2006 WL 2413720, at *16-*18; and (3) the plaintiffs failed to exhaust their administrative remedies with respect to their claims for tax refunds, 26 U.S.C. § 7422 (2000), and for damages, 26 U.S.C. §

_____

[1] This case and Lindsey are two of a large number of identical taxpayer lawsuits recently filed by putatively pro se litigants in the United States District Court for the District of Columbia. See Lindsey, ___ F. Supp. 2d. at ____, 2006 WL 2413720, at *1 n3 (citing cases); Gross v. United States, Civ. No. 05-1818 (JR), 2006 WL 2787838, at *1 (D.D.C. Sept. 26, 2006) (observing that "dozens of apparently coordinated (or, if not coordinated, perhaps blog-inspired) pro se complaints [have been] recently filed in this [C]ourt") (citations omitted).

7433 (2000); see Lindsey, ___ F. Supp. 2d at ____, 2006 WL 2413720, at *18-*19. October 6, 2006 Order at 2. The Court further concluded that the plaintiffs, like those in Lindsey, conceivably intended to amend their complaint by way of their response to the government's motion to dismiss in order to include a facial challenge to 26 C.F.R. § 301.7433-1 (2006). October 6, 2006 Order at 2-3; see Pls.' Opp. at 17; Lindsey, ___ F. Supp. 2d at ____, 2006 WL 2413720, at *19-*20. The Court therefore dismissed with prejudice the plaintiffs' claims for declaratory relief, injunctive relief, a tax refund, and damages, and granted the plaintiffs limited leave to amend their complaint by November 3, 2006, solely to include a facial challenge to 26 C.F.R. § 301.7433-1, if they chose to do so. October 6, 2006 Order at 3.

      Rather than amending their complaint to include a facial challenge to 26 C.F.R. § 301.7433-1, on November 1, 2006, the plaintiffs filed a motion to vacate the dismissal of their damages claim and enter a default judgment against the government. Motion to Vacate Dismissal and Enter Default Against Defendant ("Pls.' Mot.") at 1. In support of their motion, the plaintiffs argue (1) that the government's motion for dismissal of their damages claim was properly decided under Federal Rule of Civil Procedure 12(b)(6), because the failure to exhaust administrative remedies in that context is not a jurisdictional prerequisite to filing a lawsuit, id. at 1-4; and (2) that the government's motion under Rule 12(b)(6) was filed untimely and therefore the Court should not have granted the motion on Rule 12(b)(6) grounds, id. at 4-5.

      As the Court discussed in Lindsey and incorporated by reference in this case, the plaintiffs are correct that the statutory provision that requires litigants to exhaust certain administrative remedies before filing a claim for damages, 26 U.S.C. § 7433(d)(1), does not operate as a jurisdictional prerequisite to maintaining a lawsuit. Lindsey, ___ F. Supp. 2d at

____, 2006 WL 2413720, at *20-*24; see also October 6, 2006 Order at 2 (stating that "the Court's analysis of the relevant legal issues before it . . . [is] identical to [that] of Lindsey") (citations omitted). Thus, in arguing that § 7433(d)(1) is non-jurisdictional, the plaintiffs are simply restating what the Court has already concluded. It is also true that if the government was served with the summons and complaint on February 9, 2006, which is the date the plaintiffs assert service was achieved, then its April 17, 2006 motion to dismiss fell outside the 60-day window prescribed by the Federal Rules of Civil Procedure for the filing of an answer or other response to the complaint by seven days. Return of Service, Dkt. No. 2 (March 15, 2006), at 2, 4 (indicating by handwritten notation that service was effected when plaintiff Robert Anderton mailed a copy of the complaint to the United States Attorney for the District of Columbia and the Attorney General on February 9, 2006); see also Fed. R. Civ. P. 12(a)(3)(A) (stating that "[t]he United States . . . shall serve an answer to the complaint . . . within 60 days after the United States attorney is served with the pleading asserting the claim").

    Notwithstanding the government's apparent one-week delinquency in responding to service of the summons and complaint, there are several reasons why this Court declines to grant the plaintiffs' motion. First, this Court is not convinced that the United States Attorney for the District of Columbia and the Attorney General were, in fact, served with the summons and complaint on February 9, 2006. Rather, it appears from the plaintiffs' return of service affidavit that service may instead have been effected on March 11, 2006, in which case the government's motion to dismiss would be indisputably timely. See Return of Service, Dkt. No. 2 (March 15, 2006), at 2, 4 (stating several times that service of the summons and complaint was effected on March 11, 2006). Second, because one of the plaintiffs effected service himself by sending the

3

summons and complaint by certified mail to the United States Attorney for the District of Columbia and the Attorney General, the service of process was improper under Federal Rule of Civil Procedure 4(c)(2), and the government was therefore under no obligation to respond to the plaintiffs' complaint at all until it had been properly served.  Fed. R. Civ. P. 4(c)(2) (providing that "[s]ervice may be effected by any person <u>who is not a party</u> and who is at least 18 years of age") (emphasis added); <u>see</u> Return of Service, Dkt. No. 2 (March 15, 2006), at 2, 4 (bearing plaintiff Robert Anderton's name and signature as the server of the complaint and summons upon the United States Attorney and the Attorney General); <u>see also</u> <u>Lindsey</u>, ___ F. Supp. 2d at ____, 2006 WL 2413720, at *8-*11 (concluding that service of process was improper under Rule 4 when the <u>pro se</u> plaintiff personally mailed a copy of the complaint and summons to the government); October 6, 2006 Order at 2 (stating that "the Court's analysis of the relevant legal issues before it . . . [is] identical to [that] of <u>Lindsey</u>") (citations omitted).  Finally, and most importantly, the Court is particularly disinclined to enter a default judgment against the government in this case for a minor and technical defect, if indeed it <u>is</u> a defect, now that the matter has been fully briefed by both sides and the Court has resolved the plaintiffs' claims on their merits.  <u>See</u> Plaintiffs' Response to Motion to Dismiss, Dkt. No. 4 (May 5, 2006); Plaintiffs' Motion for Leave to Supplement Response to Motion to Dismiss, Dkt. No. 5 (May 23, 2006); Plaintiffs' Addendum to Complaint No. 1, Dkt. No. 7 (July 10, 2006); Plaintiffs' Addendum to Complaint No. 2, Dkt. No. 8 (July 10, 2006); October 6, 2006 Order at 1-4.  In light of "the strong policies favoring the resolution of genuine disputes on their merits," the District of Columbia Circuit has stated that "it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing."  <u>Jackson v. Beech</u>, 636 F.2d 831,

835 (D.C. Cir. 1980) (citation omitted). This Court is compelled to adhere to the Circuit's admonition and therefore cannot countenance the result called for by the plaintiffs, especially given its conclusion that the government is clearly entitled to dismissal of the plaintiffs' claims. See generally October 6, 2006 Order. Accordingly, it is hereby

**ORDERED** that the plaintiffs' motion to vacate the dismissal of their damages claim and enter a default judgment against the government is DENIED. It is further

**ORDERED** that because the plaintiffs have chosen not to amend their complaint to include a facial challenge to 26 C.F.R. § 301.7433-1 by the date prescribed by the Court, the above-captioned matter is dismissed with prejudice. It is further

**ORDERED** that this case is CLOSED.

**SO ORDERED** this 10th day of November, 2006.

REGGIE B. WALTON
United States District Judge