UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT ANDERTON and GLORIA ANDERTON, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-129 (RBW) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Robert Anderton and Gloria Anderton, the plaintiffs in this civil lawsuit, allege that the United States, through the Internal Revenue Service, "recklessly, intentionally[,] or by reason of negligence disregarded and continue to disregard provisions of Title 26 of the United States Code and the regulations promulgated thereunder." Complaint ¶ 1. On October 6, 2006, the Court entered an order (the "Dismissal Order") in which the Court, after noting that the plaintiffs' complaint was "identical to that which the Court dismissed in Lindsey v. United States, [448 F. Supp. 2, 37 (D.D.C. 2006) (Walton, J.) ('Lindsey I')]," Dismissal Order at 1, dismissed the plaintiffs' complaint and granted the plaintiffs limited leave to file an amended complaint for the reasons articulated by the Court in Lindsey I, id. at 2-3. The Court subsequently issued a memorandum opinion in which it concluded that the claims asserted by the plaintiffs in that case pursuant to 26 U.S.C. § 7433 (2000) should not have been dismissed. Lindsey v. United States, 532 F. Supp. 2d 144, 148-50 (D.D.C. 2008) ("Lindsey II"). However, the Court noted that, based on the Court's reasoning in Lindsey I, the plaintiffs in that case still had not served their

complaint on the defendant in the manner required by Federal Rule of Civil Procedure 4(c)(2), which provides that "[a]ny person who is at least 18 years old <u>and not a party</u> may serve a summons and complaint." (Emphasis added.)  The Court therefore "issue[d] a separate order directing the plaintiffs to show cause why the Court should not dismiss their complaint without prejudice unless the plaintiffs file[d] proof of proper service on the defendant within sixty days of the entry of the order." <u>Id.</u> at 149.

Consistent with its holding in the <u>Lindsey II</u> decision, the Court entered an order on February 5, 2008 (the "Reconsideration Order"), partially granting the motion for reconsideration filed by the plaintiffs in this case and restoring the plaintiffs' § 7433 claims.  Reconsideration Order at 2-3.  The Court specifically noted, however, that "the service of process in this case appear[ed] to be defective for the same reason that the plaintiffs' service of process was found to be defective in <u>Lindsey I</u>," and that as a consequence "the Court's reasoning in <u>Lindsey II</u> applie[d] with equal force in this case." <u>Id.</u> at 2.  The Court therefore entered a separate order (the "Show Cause Order") directing the plaintiffs to either file proof of properly executed service of process on the defendant or show cause why the Court should not dismiss the plaintiffs' complaint for lack of proper service on or before April 7, 2008.  Show Cause Order at 1.

Rather than serve their complaint in compliance with Rule 4(c)(2), the plaintiffs have filed a response to the Court's Show Cause Order in which they assert that they are not subject to Rule 4(c)(2)'s requirements because their suit is governed by Rule 4(i)(1), which specifies the procedure for serving the United States or one of its agencies, corporations, officers, or employees.  Response to [Show Cause Order] at 1-3.  This exact argument was advanced by the

plaintiffs and explicitly rejected by the Court in Lindsey I.  As the Court explained in that decision:

> Nothing in Rule 4(i) indicates who may or may not effect service under this subsection. . . .  By contrast, Rule 4(c)(2), the general provision governing who may serve the summons and complaint, provides[] in pertinent part[] that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2) (emphasis added).  Read together, then, Rules 4(i)(1) and 4(c)(2) direct that service upon the United States be made (1) by a person over the age of 18 or older (2) who is not a party (3) either through in-person delivery or by sending by certified mail a copy of the summons and complaint to both the Attorney General and the United States Attorney for the judicial district where the action is brought.

Lindsey I, 448 F. Supp. at 45-46.

      The Court's ruling in Lindsey I forecloses the plaintiffs' argument that service was proper in this case because it satisfied the requirements of Rule 4(i)(1).  Because Rule 4(c)(2) "describes who may make service upon any defendant," while Rule 4(i)(1) "prescribes the method by which service upon the United States can be effected," the rules must be applied "in conjunction with each other."  Id. at 46.  As the only argument advanced by the plaintiffs in support of the propriety of their service of process on the defendant is a position rejected by the Court in Lindsey I, and as the Court sees no reason to change that ruling, the Court is left with no choice but to conclude that the plaintiffs' service of process is invalid.

      Mindful that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings," Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993), this Court has declined in the past to dismiss a pro se plaintiff's complaint for lack of proper service, see Lindsey I, 46 F. Supp. 2d at 46-47

(concluding that "dismissing the plaintiffs' suit for insufficient service of process would be improper"). In this case, however, there is simply no question that the plaintiffs have clearly received "minimal notice of the consequences of not complying with procedural rules." Moore, 994 F.2d at 876. In addition to specifically noting that the service of process in this case appeared to be defective in this case for the same reason that the plaintiffs' service of process was found to be defective in Lindsey I, Reconsideration Order at 2, the Court attached a copy of the Lindsey II decision to its Reconsideration Order, id. at 4-11. The Court cited both Rule 4(c)(2) and the specific pages in the Lindsey I decision addressing Rules 4(c)(2) and 4(i)(1) in that decision. Lindsey II, 532 F. Supp. 2d at 149.

The assistance provided to pro se parties "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." Moore, 994 F.2d at 876. The plaintiffs in this case have been given every opportunity to correct the defect in the service of their complaint and the Court's summons, but have chosen not to do so. Pursuant to Federal Rule of Civil Procedure 4(m), the Court "must dismiss" the plaintiffs' complaint without prejudice at this time. (Emphasis added.)

Accordingly, it is

**ORDERED** that the plaintiffs' complaint is **DISMISSED** in its entirety without prejudice.

**SO ORDERED** this 28th day of April, 2008.

REGGIE B. WALTON<br>
United States District Judge